THE STATE OF KANSAS, *ex rel. D. C. Lewis, County Attorney*, v. GUS CARLANDER.

SALE OF SCHOOL LANDS—*Action to Set Aside.* A petition in an action to set aside a sale of a tract of school land and the certificate of sale, filed by the state at the relation of the county attorney against the assignee of such certificate, upon the ground that the said sale was not petitioned for by a sufficient number of householders of the township in which the land is; that the appraisers were not disinterested householders at the time of the appraisement; and that the appraisement and sale were illegal, fraudulent, and void, not specifying the facts upon which the charge of illegality and fraud are made, nor alleging that plaintiff had repaid the purchase-money nor tendered it—is insufficient to obtain a cancellation of such certificate. (Following *The State, ex rel., v. Dennis*, ante, p. 509; and *The State, ex rel., v. Williams*, ante, p. 517.)

*Error from Pratt District Court.*

ACTION by *The State* to cancel a school-land certificate because of illegality and fraud. At the April term, 1886, the court overruled a demurrer to the petition, but after the issues were joined and the case called for trial, sustained an objection to the introduction of any evidence on the part of the state, on the ground that the petition and amended petition did not state facts sufficient to constitute a cause of action, and rendered judgment for the defendant for costs. *The State* brings the case to this court.

*S. B. Bradford*, attorney general, for The State.

*J. C. Ellis*, for defendant in error.

*Per Curiam:* This is an action to set aside a sale of a tract of school land situate in Pratt county, and the certificate of sale issued by the county clerk on October 13, 1884, to one Eli P. Williams, which certificate was assigned and transferred on October 30, 1884, to the defendant.

The sale is attacked upon the grounds that the petition praying for a sale was not made nor presented by a sufficient number of householders of the township in which the land is

situate; that the persons appointed by the county superintendent as appraisers were not disinterested householders of the township at the time their appraisement was made and returned; and that the appraisement and sale were illegal, fraudulent, and void.

The petition does not specify the facts upon which the charges of illegality and fraud are made, nor is it alleged that the plaintiff has returned or offered to return the money paid by the purchaser upon the contract sought to be annulled. Following the decisions in *The State, ex rel., v. Dennis,* ante, p. 509, 18 Pac. Rep. 723, and *The State, ex rel., v. Williams,* ante, p. 517, 18 Pac. Rep. 727, the judgment of the district court must be affirmed.